BAILES, Judge.
This is a companion case to that of Averette v. Travelers Insurance Company et al., 174 So.2d 881, and decided this day by the court.
Under the facts found by us and for the reasons assigned in the companion case cited supra, the question of liability has been resolved adverse to the defendants-appellants, M. McFields and The Travelers Insurance Company.
In this case, plaintiff seeks to recover $40,000 for physical pain and suffering, present and future, mental pain and anguish, present and future; $356.65 for medical expenses; loss of earnings $2,000, and loss of future earnings, $10,000. Also claim is made for total loss of 1956 Dodge automobile, $600, and for hired automobile, $208.
Without commenting on the claim for total loss of automobile in the amount of $600, and the cost of hiring automobile of $208, we find that the testimony of plaintiff shows that he . did not own the automobile, and the trial judge did not allow any recovery on these claims.
After trial of the case, the trial judge awarded for stipulated special damages, the sum of $156.65; loss of earnings, three months at $425 per month, or $1,275; and *892 personal injuries, pain and suffering, the sum of $2,500, being a total award of $3,-931.65. It is from this judgment that the appellants appeal. Plaintiff did not appeal, nor answer the appeal.
The plaintiff is a retired school principal,' seventy years of age. At the time of the injury he was working as a real estate salesman and also insurance salesman, and had been so employed for the past three months. He made proof of an average monthly earning during this period of time of $425 and that he was disabled for a period of three months. We find, therefore, that an award of $1,275 for loss of earnings is justified.
The evidence shows that plaintiff was taken to Our Lady of the Lake Hospital immediately after the accident and was discharged a few hours later. The next day plaintiff placed himself under the care and treatment of Dr. Leo S. Butler, and under whose care he- remained from December 13, 1961, to March 15, 1962. During this period of time, Dr. Butler visited plaintiff two times in the latter’s home and saw him nine times at his office. On the initial visit of Dr. Butler, the doctor noted an extremely painful condition of the left leg just below the knee, the right knee, his lower back, and the right side of his face showed some swelling. The doctor testified that he noted improvement in plaintiff’s condition by December 22, 1961, and that he was completely ambulatory by January 6, 1962, and discharged him on March 15, 1962. Plaintiff testified that he didn’t feel completely recovered until a year " after the accident. In view of his testimony, that of the doctor, the extent of his injuries, and taking into consideration his advanced age, this seems reasonable.
We believe the award of the trial court to be reasonable and adequate.
For the foregoing reasons, the judgment of the trial court is affirmed, at the defendants’ costs.
Affirmed.